```
UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )
                              )
      v.                      )
                              )   No. 07-00323-DLJ
JAMES KELLEY                  )
                              )
                              )   ORDER
            Defendant.        )
_____)
```

Defendant was indicted on May 24, 2007 on two counts of distribution of cocaine base under 21 U.S.C. § 841(a)(1), two counts of possession with intent to distribute cocaine base under 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1), and one count of felon in possession of ammunition under 18 U.S.C. §922(g). Defendant is now before the Court for a determination as to whether he should continue to be detained pending trial.

I.  Background

On June 12, 2007, a detention hearing was held before the Honorable Wayne D. Brazil. Further hearings on the issue of detention were held before Judge Brazil on June 21, 2007, and July 13, 2007. Pre-Trial Services and the government recommended that defendant be detained.

After hearing oral argument, on July 13, 2007 Judge Brazil ordered that defendant be released to a halfway house, with the posting of a $250,000 bond partially secured by defendant's mother's residence. Magistrate Brazil also required that seven persons sign as sureties. The government then sought review by this Court of the Magistrate Judge's determination.

This Court held a hearing on the matter on July 20, 2007. At

that point the Court determined that the issue of danger to the community could be addressed by defendant's placement in a half-way house.  As to whether defendant posed a flight risk, the Court requested that Pretrial Services conduct some additional investigation regarding defendant's prior California state arrest and report back to the Court.  Pretrial Services provided the requested information to the Court in a memorandum dated July 31, 2007.  That information confirmed that defendant had been charged in state court, had been released pretrial, and had voluntarily appeared at each of his scheduled state court appearances, and that his state court case was dismissed and that his state bail was exonerated on June 27, 2007.

II.   Legal Standard

   Title 18, United States Code, Section 3145(a)(1) provides in pertinent part that: If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release . . . .18 U.S.C. § 3145(a)(1). This Court reviews the magistrate judge's decision *de novo*. United States v. Koenig, 912 F.2d 1190, 1191 (9th Cir. 1990). In conducting its review, the district court may hold additional evidentiary hearings, but is not required to do so. Id.

III.  Discussion

   Title 18, United States Code, Section 3142(e) requires that the magistrate fashion a set of conditions that will reasonably

2

assure both the defendant's appearance and the safety of the community if defendant is to be released. 18 U.S.C. § 3142(e). There is a rebuttable presumption of dangerousness and risk of flight in cases in which defendant is charged with a controlled substance offense carrying a maximum term of imprisonment of more than 10 years. Id.  In a presumption case, the government must show by clear and convincing evidence that defendant is a danger to the community or by a preponderance of the evidence that defendant is a flight risk. United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991).

After review of the pleadings in this case and hearing on the matter, the Court finds, based on the factual circumstances in this case,  that the solution fashioned by Magistrate Brazil - that defendant post bond and live in a halfway house in Oakland is an appropriate resolution of this matter.  Additionally, defendant's record in the state court proceedings bolsters the argument that defendant will respect the appearance bond posted on his behalf by his family members and that he will continue to make his court appearances.

Based on the foregoing, the Court GRANTS Defendant's motion for bail subject to the same terms and conditions of bail set forth in the order of the U.S. Magistrate Judge.

IT IS SO ORDERED

Dated: August 10, 2007

_____
D. Lowell Jensen
United States District Judge

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28