BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant JAMES EARL KELLEY

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR-07 00323 DLJ |
|---|---|---|
| Plaintiff, | ) ) | JAMES EARLY KELLEY'S REQUEST TO REMAIN OUT OF CUSTODY PENDING |
| vs. | ) ) | SENTENCING |
| JAMES EARL KELLEY, | ) ) | Date: May 23, 2008 |
| Defendant. | ) ) ) | Time: 11:00 a.m. |

On May 23, 2008, James Kelley is scheduled to enter a guilty plea to Count One of the indictment, charging distribution of 78.3 grams of cocaine base. For reasons discussed here and those to be presented at the change of plea hearing, he respectfully requests that the Court not remand him into custody following entry of his plea.

18 U.S.C. §§ 3143 and 3145(c) together determine under what circumstances a person convicted of a drug offense for which the maximum sentence is at least ten years may be released pending sentencing. In *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003), the court explained that there is no limit to the exceptional reasons justifying release; instead, the district court should consider the totality of the circumstances, including whether circumstances render a defendant "exceptionally unlikely to flee or constitute a danger to the community if he is

REQUEST NOT TO REMAND                   1

1  permitted to remain free." *Id.* at 1019 - 21; *see United States v. Kaquatosh*, 252 F.Supp.2d 775
2  (E.D. Wis. 2003) (denying government's request to remand defendant convicted of two counts of
3  assault causing serious bodily injury where defendant had done well on pre-trial release,
4  complied with rules of halfway house, submitted no positive drug tests and sent money earned
5  from employment to his family).

6      Mr. Kelley presents just such a compelling case. He was released from custody on
7  August 10, 2007 to the Cornell Corrections Oakland facility. While there, he is subject to 24-
8  hour "lockdown," meaning he is not permitted to leave the halfway house except for limited
9  purposes. During this ninth-month period his behavior has been exemplary: he has suffered no
10 violations; he has not been involved in any incidents; when granted permission to leave the
11 halfway house for the limited purposes of worshiping at church, visiting his children, or
12 attending his grandmother's funeral, he always has complied with the conditions of his release
13 and returned in a timely manner. Mr. Kelley's behavior is precisely the type which counsels
14 against a mandatory remand.

15     For these reasons, and those defense counsel will argue at the change of plea hearing,
16 James Kelley respectfully requests that the Court continue his pretrial release under the
17 conditions now in place.

18

19 Dated: May 19, 2008

20                                        Respectfully submitted,

21                                        BARRY J. PORTMAN
22                                        Federal Public Defender

23

24                                        JEROME MATTHEWS
                                       Assistant Federal Public Defender

25

26