# EXHIBIT A

| | | |
|---|---|---|
| 1 | JOSEPH P. RUSSONIELLO (CABN 44332)<br>United States Attorney | **FILED** |
| 2 | | |
| 3 | BRIAN J. STRETCH (CABN 163973)<br>Chief, Criminal Division | MAY 2 3 2008 |
| 4 | GARTH HIRE (CABN 187330)<br>Assistant United States Attorney | RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>OAKLAND |

1301 Clay Street, Suite 340-S
Oakland, California 94612-5217
Telephone: (510) 637-3929
Facsimile: (510) 637-3724
E-Mail: Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-00323 DLJ |
| Plaintiff, | ) | |
| v. | ) | PLEA AGREEMENT FOR DEFENDANT<br>JAMES EARL KELLEY |
| JAMES EARL KELLEY, | ) | |
| Defendant. | ) | |

I, James Earl Kelley, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1. I agree to plead guilty to count one of the captioned indictment charging me with distribution of cocaine base in the form of crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii). I agree that the elements of the offense are as follows: (1) I knowingly distributed a controlled substance, namely, cocaine base in the form of

PLEA AGREEMENT FOR
DEFENDANT JAMES EARL KELLEY
CR 07-00323 DLJ                                      1

crack cocaine; and (2) I knew the substance was cocaine base in the form of crack cocaine or some other prohibited drug. I agree that the statutory maximum penalty for my violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) is:

| | | | |
|---|---|---|---|
| a. | Maximum prison sentence | | Life Imprisonment |
| b. | Mandatory minimum prison sentence | | 10 Years |
| c. | Maximum fine | | $4,000,000 |
| d. | Maximum supervised release term | | Life |
| e. | Mandatory minimum supervised release term | | 5 Years |
| f. | Mandatory special assessment | | $100 |
| g. | Restitution | | Not applicable |
| h. | Other possible consequences of guilty plea: | | |

    1. Mandatory and discretionary denial of federal benefits upon conviction of drug offenses, 21 U.S.C. § 862 and § 862a.

I understand that I am charged in count one of the captioned indictment with an offense that involves fifty grams or more of cocaine base in the form of crack cocaine. I understand further that I have the right to require the government to prove to a jury beyond a reasonable doubt the quantity of drugs charged in count one. If the government did not meet its burden of proving the quantity of drugs charged in count one, then the above-described maximum and mandatory minimum penalties would be lower.

    2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:

On or about August 3, 2006, in the Northern District of California, I met with an individual for the purpose of providing him cocaine base in the form of crack cocaine in exchange for cash. At the meeting, which was preceded by a number of telephone calls between myself and the individual, I knowingly distributed 78.3 grams of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine to the individual in exchange for cash. I knew at the time I delivered the crack cocaine to the individual that the

PLEA AGREEMENT FOR
DEFENDANT JAMES EARL KELLEY
CR 07-00323 DLJ                                     2

1  substance was crack cocaine.
2  On or about November 1, 2006, I again met with the individual in the Northern District of
3  California for the purpose of exchanging crack cocaine for cash. After a number of telephone
4  calls between myself and the individual, we met and I distributed 80.5 grams of a mixture and
5  substance containing a detectable amount of crack cocaine to the individual in exchange for cash.
6  I knew at the time I delivered the crack cocaine to the individual that the substance was crack
7  cocaine.
8  On or about January 17, 2007, I received a telephone call from the individual in which he
9  stated that he wanted a "9 volt battery" and that he wanted it "charged." I understood the
10 individual to mean that he wanted to purchase nine ounces of crack cocaine from me in exchange
11 for cash. Prior to the scheduled meeting with the individual, I stopped at 719 Adeline Street,
12 Oakland, California. I left the location in my vehicle, accompanied by Erica Keller, and drove
13 towards the meeting location. Prior to my arrival at the meeting location, however, at
14 approximately 4:00 p.m., law enforcement personnel using emergency lights and sirens tried to
15 conduct a traffic stop of my vehicle. I refused to yield to them and instead sped north on
16 interstate 880.
17 While fleeing from the police I threw a baggie containing approximately 213.6 grams of a
18 mixture and substance containing a detectable amount of cocaine base in the form of crack
19 cocaine out of the window of the vehicle in an attempt to prevent it from being seized by law
20 enforcement personnel. I drove in an erratic manner at high speeds and weaved in and out of
21 traffic in an attempt to elude the police and drove west on interstate 80 towards the Bay Bridge.
22 As I drove west on the Bay Bridge the police executed an emergency stop procedure and my
23 vehicle rolled multiple times before it came to a stop on the bridge. By acting in the manner
24 described above I recklessly created a substantial risk of death or serious bodily injury to agents,
25 officers, and the public in the course of fleeing from law enforcement personnel. I was
26 subsequently arrested. I was in possession of $1,174 on my person and an additional 1.5 grams
27 of a mixture and substance containing a detectable amount of cocaine base in the form of crack
28

1  cocaine in my vehicle. The cash was drug proceeds in the following denominations: one fifty-
2  dollar bill; forty-three twenty-dollar bills; eight ten-dollar bills; twenty-six five-dollar bills; and
3  fifty-four one-dollar bills.
4      The police later searched 719 Adeline Street pursuant to a search warrant. Inside the
5  residence at the time of the search was Keller's mother and several young children. At that time,
6  I knowingly possessed the following narcotics and narcotics paraphernalia in the residence: 124.2
7  grams of powder cocaine and 23.5 grams of a mixture and substance containing a detectable
8  amount of cocaine base in the form of crack cocaine hidden in the vacuum intake bag of a
9  vacuum cleaner along with coffee grounds; two digital scales; sandwich baggies with cocaine
10 residue; baking soda boxes; and a glass beaker with cocaine residue. In the closet of the master
11 bedroom of the residence police retrieved a Lorcin 9mm pistol with an obliterated serial number *previously*
12 loaded with three rounds of Winchester and seven rounds of Remington 9mm ammunition. I was
13 aware of the presence of the firearm in the closet.
14     3.   I agree to give up all rights that I would have if I chose to proceed to trial,
15 including the rights to a jury trial with the assistance of an attorney; to confront and cross-
16 examine government witnesses; to remain silent or testify; to move to suppress evidence or raise
17 any other Fourth or Fifth Amendment claims; to any further discovery from the government and
18 to future DNA testing of any physical evidence in the government's possession; and to pursue
19 any affirmative defenses and present evidence. I also agree to give up my right to have a jury
20 determine the quantity of drugs involved in that offense as set forth in paragraph 2.
21     4.   I agree to give up my right to appeal my conviction, the judgment, and orders of
22 the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,
23 including any orders relating to forfeiture and/or restitution.
24     5.   I agree to waive any right I might have to file any collateral attack on my
25 conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or
26 motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim
27 that my constitutional right to the effective assistance of counsel was violated. I understand that
28

under 18 U.S.C. §§ 3600, 3600A, I have the right, under certain circumstances, to post-conviction DNA testing of physical evidence in the government's possession in support of a claim that I am actually innocent of the offense to which I am pleading guilty under this plea agreement. I agree to waive my right to post-conviction DNA testing and my right to file a petition under 18 U.S.C. §§ 3600, 3600A to compel that testing. I understand that the government will not preserve any physical evidence obtained in this case.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date the parties submitted the agreement to the Court until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows, except as stated below:

| | | | |
|---|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2D1.1(c)(4):<br>(1,000 or more but less than 3,000 kilograms of marijuana; app. note 10) | | 32 |
| b. | Reckless Endangerment, U.S.S.G. § 3C1.2: | + | 2 |
| c. | Acceptance of responsibility:<br>(If I meet the requirements of<br>U.S.S.G. § 3E1.1) | − | 3 |

I agree that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range, except that I reserve the right to argue that a two-level upward adjustment for possession of a dangerous weapon (firearm) pursuant to U.S.S.G. § 2D1.1(b)(1) should not apply, and I reserve the right to argue that I am entitled to a two-level downward adjustment for application of the "safety valve" provision pursuant to

U.S.S.G. § 2D1.1(b)(11). I understand that I will be eligible for this downward adjustment only if the Court finds that I have met the requirements of U.S.S.G. §§ 5C1.2(a)(1)-(5)). I also agree not to argue that a below guideline sentence should be imposed based on the factors set forth in 18 U.S.C. § 3553(a). I understand and agree that the government reserves the right to argue that defendant should not receive the benefit of the "safety valve" provision, and that therefore the downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(11) does not apply, because: (1) defendant possessed a dangerous weapon and the upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) applies; (2) defendant has not proved by a preponderance of the evidence that he did not possess a firearm in connection with the offense pursuant to U.S.S.G. § 5C1.2(a)(2); and/or (3) defendant has not truthfully provided to the government information and evidence as required by U.S.S.G. § 5C1.2(a)(5). I understand that if I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing. I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and the Probation Office all information relevant to the charged offense or the sentencing decision.

8. I agree that a reasonable and appropriate disposition of this case is as follows: no less than 87 months imprisonment and no more than 168 months imprisonment, five years of supervised release (with conditions to be fixed by the Court and as agreed to below), no fine, a $100 special assessment, and no restitution. I agree that, based on the nature and circumstances of the offense and my criminal history, the Court shall impose the following term and condition of supervised release, which is reasonably related to rehabilitation and deterrence:

> The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without cause. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

I agree that I will make a good faith effort to pay any fine, forfeiture or restitution I am ordered to

pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence; violate the terms of my pretrial release (if any); intentionally provide false information or testimony to the Court, the Probation Office, Pretrial Services, or the government; or fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this agreement, including those set forth in paragraphs 12 through 15 below, but I will not be released from my guilty plea.

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

11. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

12. The government agrees to move to dismiss any open charges pending against the defendant at the time of sentencing.

13. The government agrees not to file any additional narcotics trafficking or firearms-related charges against the defendant that could be filed as a result of information or evidence known to the government as of the date defendant pleads guilty.

14. The government agrees to recommend defendant be sentenced to 168 months imprisonment, five years supervised release (with conditions to be fixed by the Court and as agreed to by defendant in paragraph 8, above), no fine, a $100 special assessment, and no restitution.

PLEA AGREEMENT FOR
DEFENDANT JAMES EARL KELLEY
CR 07-00323 DLJ                              7

15. Based on the information now known to it, the government will not oppose a downward adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that my attorney has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement and, at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

18. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

Dated: 5/28/08

JAMES EARL KELLEY
Defendant

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 5/28/08

GARTH HIRE
Assistant United States Attorney

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 5/28/08

JEROME MATTHEWS
Attorney for Defendant

PLEA AGREEMENT FOR
DEFENDANT JAMES EARL KELLEY
CR 07-00323 DLJ                              8